Bergan, J.
The question common to these three appeals is the effect of pretrial procedure in the Criminal Court of the City of New York (N. Y. City Grim. Ct. Act, art. IV). In each case the preliminary proceedings differ somewhat from the others; but all appellants were tried and convicted by the court in a part held by a single Judge.
The general procedural frame of the Criminal Court’s jurisdiction is laid down in article IV of the statute and especially in sections 40, 41 and 42. Section 40 opens with two omnibus provisions: one, that ‘ ‘ All trials ’ ’ shall be without a jury; and the other, that “ All trials” shall be held before “ a single judge ”.
Attached to the second clause is a proviso embracing certain enumerated situations where trials may be had “in a part of the court ” held “ by a panel of three of the judges ”.
First of all, the court is required to advise the defendant, with exceptions not applicable to the present cases, of his right to be tried in a “ part ” of the court held by a three-Judge panel. The defendant may “ demand ”, or the prosecuting attorney may “ demand ”, or the court itself may “ direct ”, a trial held by a panel (§ 40, subd. [2]).
Unless one of these things occur the trial is required to proceed before a single Judge (§ 40, subd. [3]). Trial before the panel of three Judges is regulated by section 42. The records before us show that the “ A ” parts of the court are single-Judge parts and the “ B ” parts are panel parts. To manage the calendar in the panel parts, a single Judge sits in Part 2B-1, assigns cases to other parts, and, as time permits, tries cases as a single Judge.
In the case of Wright and Belcher, defendants were charged with grand larceny and arraigned on December 22, 1964. They were represented by a Legal Aid lawyer. The Judge reduced the charge to petit larceny, whereupon defense counsel waived the reading of the charges and the allocution as to rights, and *413 defendants were sent by the court to Part 2B for trial on January 18.
The Judge on the arraignment under the reduced charge did not advise defendants expressly of their right to be tried by a panel of three Judges, although the part to which he sent them was a three-Judge panel. The case came on the assigning calendar in Part 2B-1 and was adjourned to January 25 when defendants, represented by counsel and without objection, went to trial before the single Judge sitting at Part 2B-1 and were convicted.
Defendant Navarro was charged with violation of section 3305 of the Public Health Law and on his arraignment, December 3, 1964, defendant’s counsel waived both the reading of the charge and the allocution of his right to be tried by a panel. On the adjourned day counsel, the record shows, requested trial by Part 2B. The court thereupon ordered the case sent to that part. There was a trial before a one-Judge part with the aid of counsel and without objection. Defendant was found guilty.
Defendant Simpson was arraigned March 19, 1965, charged with various misdemeanors under sections 1747-d and 1533 of the Penal Law. He was represented by counsel. The Judge did not advise him of his right to be tried by a three-Judge panel. On March 23 his counsel expressly requested a trial in Part 2-A, held by a single Judge. Defendant was tried there and convicted.
In each of these cases the conviction was affirmed at the Appellate Term and the appeals are here by permission. In each appeal it is suggested that the failure of the court to advise the accused of the right to trial by a panel is a jurisdictional defect which cannot be waived.
Contrasted with the respective structures of the former Magistrates’ Court and the former Court of Special Sessions of the City of New York and the relationship between them, the present judicial establishment is a single court sitting in many parts and held by many Judges.
The express legislative policy is that trials normally be held before one Judge, since section 40, in providing generally for trials “before a single judge”, employs the inclusive clause of reference ‘ ‘ All trials in the court ’ ’. The succeeding statutory provisions deal with exceptions which may occur in several *414 specific ways and result from affirmative action of one sort or another.
Therefore, the judicial advice to a defendant, required by subdivision (1) of section 40, that he has a right to be tried “ in a part ” of the court held by a panel of three Judges, relates to an intramural procedure within the court itself for the disposition of its business. The choice with the accused is, merely, whether he shall be tried by one or a multiple number of Judges of the same court.
The difference, clearly, is of far less consequence than the difference between being tried by a court or a court and jury; or between being tried by a Magistrate or a panel of Judges in a higher court at Special Sessions,
The advice that must be given an accused, then, is the character of a part of the court at which he may choose to be tried and the multiple of the judicial constituency of the part. It may or may not make a difference to an accused, but it is the kind of a right that can be waived, certainly on the acquiescence of counsel.
And if the right may be waived, the necessity to give advice that it exists may be waived and does not affect the jurisdiction of the court. Such a waiver may result, if the accused is aided by counsel, either by proceeding to trial in a part held by one Judge without objection, or by expressly requesting, as Simpson’s counsel did, that the case be tried in a part held by one Judge.
Decisions which rigidly held Magistrates bound to advise of the right to trial at Special Sessions as a condition of the jurisdiction in the Magistrates ’ Court to try the case are inapplicable to the unitary structure of the present Criminal Court. (See, i.e., People v. Genova, 273 App. Div. 496 [1948], and People v. Mappa, 7 A D 2d 222 [1959] which followed it.) Even under the former court structure, however, an inquiry by the Magistrate whether defendant submitted to the jurisdiction of the court has been held a sufficient compliance with the statutory requirement (People v. Strauss, 8 A D 2d 779 [1959]).
Nothing that has been said in this opinion is intended to imply that it is unimportant that the accused be advised by the court, as section 40 prescribes, of his right to elect to be tried in a *415 part held by three Judges. It is important that the Judges carefully and conscientiously follow the mandate of the statute. We hold that an inadvertent failure to make this statutory allocution is a procedural omission which may be waived under the facts shown by the records in these appeals.
The judgments should be affirmed.